UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MICHAEL CROWL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cr-136 |
| | ) | 3:07-cv-07 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Michael Crowl ("Crowl"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Crowl's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

Crowl "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Crowl is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Crowl pleaded guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 57 months. Crowl did not appeal his sentence. In support of his § 2255 motion to vacate sentence, Crowl alleges the following: (1) he received ineffective assistance of counsel because his attorney never gave him any paperwork pertaining to his case, and (2) he received an enhancement to his sentence based upon a factor that was not included in the indictment.

III.   Discussion

*A. Ineffective Assistance of Counsel*

Crowl alleges he received ineffective assistance of counsel because he "was never give any paperwork pertaing [sic] to my case (ie) indictment, discovery, plea agreement. Upon several requests before, during & after the case no paperwork was provided at all." [Criminal Action No. 3:04-cr-136, Court File No. 90, Motion under § 2255, p. 5]. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Crowl must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

3

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Crowl bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Crowl's written, signed plea agreement contained the following:

> The Defendant acknowledges that he has read the indictment and fully understands the charges therein and is pleading guilty because he is, in fact, guilty. The Defendant and his attorney specifically acknowledge and certify that his attorney has explained each of the elements which the government would be required to prove beyond a reasonable doubt with respect to each offense to which he is pleading. The Defendant further acknowledges and certifies that he understands the elements that the government would be required to prove beyond a reasonable doubt with respect to each offense to which he is pleading.

[Criminal Action No. 3:04-cr-136, Court File No. 56, Plea Agreement, p. 2, ¶ 4].

In his agreed factual basis for the plea, also written and signed, Crowl stipulated to the following facts:

> On April 15, 2004, Officers of the Anderson County Sheriff's Department responded to a burglary of the residence of Gary Marlow. Entry was made through the back door of the house and several items were stolen, including one Rossi .38-caliber revolver and one SKS-type rifle. The Anderson County Crime Scene Unit processed the scene and located two ammunition boxes that were moved from the living room into another room of

4

the house. The ammunition boxes were fingerprinted and the prints on the box were identified as belonging to James Dotson.

On April 16, 2004, two men entered the SuperTarget and shopped for a cell phone and prepaid phone card. Dotson purchased the cell phone and prepaid phone card using a check in the name of Gary Marlow. The men were observed leaving the SuperTarget together and entering a vehicle parked outside. A store security guard called to verify the check after the two men left based on their suspicious behavior and was informed that the checks were stolen. The store security guard, using video surveillance, followed the men out of the store. The store security guard observed the men enter a red 1992 Saturn with TN licence plate number PFW 986 and drive off. The security guard followed the men in his personal vehicle and contacted the police.

Officer Dyer, of the Knoxville Police Department, approached the vehicle which was parked near the Shoe Carnival store within the Turkey Creek shopping plaza, and spoke to the vehicle occupant, later identified as Michael Crowl. Crowl initially identified himself as James Lee. Ofc. Dyer asked Crowl about using stolen checks in SuperTarget. Crowl stated that he did not know anything about stolen checks. Ofc. Dyer then asked Crowl where the other man could be found. Crowl responded that his friend, Marlow, was in the shoe store. Ofc. Dyer observed a man, matching the description given by the store security guard, leaving the shoe store and walking in the direction of the vehicle. Ofc. Dyer stopped the man and asked if his name was Marlow, the man stated that his name was James Dotson. Dotson was placed in the back of the patrol car along with Crowl and both men were *Mirandized*. Prior to placing Dotson in the car, Ofc. Dyer conducted a pat-down search and recovered one wadded up check in the name of Gary Marlow. Dotson was arrested for forgery. Ofc. Dyer conducted a search of the vehicle and recovered one Rossi .38 caliber revolver loaded with five rounds from inside the glove box, five reams of checks in the name of Gary Marlow, one box of .38 caliber ammunition and the merchandise purchased from SuperTarget using the stolen check, among other items. The box containing the .38 caliber ammunition recovered from the vehicle was submitted for fingerprinting. The prints on the outside and inside of the box end flap were identified as belonging to Michael Crowl.

Michael Crowl was previously convicted of the following felony offenses:

5

>     i)   Burglary Other than a Habitation in the Criminal/Circuit Court of Dyer County, Tennessee on July 14, 2000; and
>
>     ii)  Aggravated Assault in the Criminal/Circuit Court of Lauderdale County, Tennessee on June 29, 2000.
>
>  The ammunition was examined and it was determined that the ammunition was not manufactured in the State of Tennessee.

[*Id*., Court File No. 57, Agreed Rule 11 Factual Basis, pp. 1-2].

Based upon the record, it is clear that Crowl pleaded guilty to a charge supported by undisputed facts. He does not allege any constitutional deficiency regarding his guilty plea. Crowl acknowledged that he had read the indictment and he signed the written plea agreement. Crowl's claim that his attorney failed to provide him with the paperwork concerning his case is contradicted by the record. Accordingly, petitioner's allegation of ineffective assistance of counsel lacks merit.

### B. Sentence Enhancement

Crowl received a two-level enhancement to his base offense level based upon the fact that the firearm and ammunition were stolen. Crowl alleges that the enhancement was improper because the enhancement factors were not included in the indictment. Crowl is not entitled to relief on this claim for several reasons.

In his plea agreement, Crowl agreed that he would not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255, and he specifically waived his right to collaterally attack his

6

plea or sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. [*Id.*, Court File No. 56, Plea Agreement, p. 4, ¶ 8]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."). Crowl thus waived the right to challenge the two-level sentence enhancement.

Furthermore, Crowl's attorney objected to the two-level enhancement for the reason that Crowl was not charged with nor did he plead guilty to possession of a firearm. The court overruled the objection and Crowl did not appeal the adverse ruling. A defendant who fails to challenge a conviction or sentence on direct appeal is barred from raising the same issues in a § 2255 proceeding, absent a showing of good cause and prejudice. *United States v. Frady*, 456 U.S. 152, 167-168 (1982). Crowl has made no showing of either cause or prejudice, and has therefore procedurally defaulted this claim.

In any event, Crowl's claim lacks merit. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id.* at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id.* at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

Absent statutory aggravating circumstances, the maximum sentence for being a felon in possession of ammunition is ten years. 18 U.S.C. § 924(a)(2). Crowl was sentenced to

7

57 months, which was well under the statutory maximum sentence. Accordingly, any alleged failure to charge in the indictment the enhancement factors does not afford Crowl relief.

IV.     <u>Conclusion</u>

Crowl is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions are **DENIED** as **MOOT**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Crowl leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Crowl having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge